**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Charles Loomis, ) | No. CV-12-0586-PHX-FJM |
| ) | |
| Plaintiff, ) | No. BK-10-1885-RJH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| Hunter, Humphrey & Yavitz, PLC, et al.,) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it defendants' motion to withdraw the reference related to the adversary proceeding captioned *Complaint Against Hunter, Humphrey & Yavitz, PLC, Candess J. Hunter, Isabel M. Humphrey and Randall S. Yavitz For Damages and Objection to Claim of Hunter, Humphrey & Yavitz, PLC* ("Adversary Proceeding") (doc. 2), plaintiff's objection (doc. 6), and Hunter, Humphrey & Yavitz, PLC's reply ("Hunter Humphrey") (doc. 11).

Defendant Hunter Humphrey filed a proof of claim in debtor's bankruptcy case for $95,000 in legal fees incurred in representing debtor in litigation pending in the United States District Court for the Eastern District of Virginia ("Virginia Action"). Debtor filed objections to the proof of claim, as well as a complaint commencing the Adversary Proceeding against Hunter Humphrey and individual lawyers, asserting claims of professional negligence, breach of contract, breach of fiduciary duty, demanding a jury trial, and seeking damages in excess of $4 million. Defendants now seek to have the reference to the bankruptcy court withdrawn, arguing that, under Stern v. Marshall, 131 S. Ct. 2594

1 (2011), the bankruptcy court lacks final adjudicatory authority over the Adversary
2 Proceeding.

3       28 U.S.C. § 157(b)(1) authorizes bankruptcy courts to enter final judgments in "all
4 core proceedings arising under title 11, or arising in a case under title 11." However, in
5 Stern, the Supreme Court held that identifying a claim as "core" or "non-core" does not
6 necessarily determine whether a bankruptcy court is constitutionally authorized to finally
7 adjudicate the matter.

8       Stern first found that a counterclaim filed by the debtor against a creditor who had
9 filed a proof of claim was a core proceeding under 28 U.S.C. § 157(b)(2)(C) ("counterclaims
10 by the estate against persons filing claims against the estate" are core proceedings). Stern,
11 131 S. Ct. at 2604. Therefore, the bankruptcy court had authority under § 157(b)(1) to enter
12 final judgment on the counterclaim. Id. at 2605. However, after examining Article III
13 restrictions on Congress' ability to redefine judicial authority, the Court held that, while the
14 bankruptcy court had *statutory* authority to enter final judgment on the counterclaim, it
15 lacked *constitutional* authority to do so. Id. at 2608-09 (citing Murray's Lessee v. Hoboken
16 Land & Improvement Co., 59 U.S. 272, 284 (1855)) (holding that pursuant to Article III,
17 Congress may not "withdraw from judicial cognizance any matter which, from its nature, is
18 the subject of a suit at the common law, or in equity, or admiralty"). Stern concluded that
19 Congress had improperly vested judicial power in a non-Article III court when it authorized
20 bankruptcy courts to "enter a final judgment on a state law counterclaim that is not resolved
21 in the process of ruling on a creditor's proof of claim." Stern, 131 S. Ct. at 2620.

22       Post-Stern, the power of the bankruptcy court to enter final adjudications depends not
23 on whether the matters are core or non-core, but on whether the counterclaim would be fully
24 resolved by adjudication of the creditor's proof of claim.

25       The parties dispute whether Stern applies in the instant case. Debtor contends that
26 Stern is inapplicable because the resolution of Hunter Humphrey's proof of claim will
27 necessarily require a resolution of the malpractice allegations asserted in the Adversary
28 Proceeding. Defendants disagree, arguing that the legal malpractice claim for damages in

- 2 -

1 excess of $4 million, and against individual lawyers who have filed no proof of claim, 2 involves issues far beyond those presented by the proof of claim, and therefore withdrawal 3 is required.

4 Here, as in <u>Stern</u>, debtor's claims asserted in the Adversary Proceeding are state law 5 causes of action involving only private rights that will not necessarily be resolved in ruling 6 on Hunter Humphrey's proof of claim. The Adversary Proceeding involves much more than 7 a setoff against the law firm's proof of claim. It also involves additional affirmative claims 8 for substantial damages. Moreover, three of the four defendants named in the Adversary 9 Proceeding, specifically the individual lawyers, did not file proofs of claim and therefore 10 have not subjected themselves to the jurisdiction of the bankruptcy court. As to these three 11 defendants, the Adversary Proceeding is not a counterclaim within the bankruptcy court's 12 core jurisdiction. Because the Adversary Proceeding involves private rights that will not be 13 fully resolved by adjudication of the proof of claim, we conclude that the bankruptcy court 14 does not have authority to enter final judgment over the counterclaim.

15 Nevertheless, we are not persuaded that withdrawal of the reference is appropriate at 16 this stage. <u>Stern</u> does not prohibit a bankruptcy court from issuing proposed findings of fact 17 and conclusions of law on claims that ultimately must be decided by an Article III judge. 18 <u>Stern</u>, 131 S. Ct. at 2604. Judicial economy is best served by allowing the bankruptcy judge, 19 who is familiar with this case as well as the Virginia Action, to oversee pretrial matters, 20 initially adjudicate dispositive motions, and issue a report and recommendation prior to 21 withdrawal. Accordingly, we decline to withdraw the reference at this time.

22 **IT IS ORDERED DENYING** defendants' motion to withdraw the reference (doc. 23 2).

24 DATED this 26th day of July, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -